UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANESHEA MONTANOCORDOBA,<br>　　　　　Plaintiff,<br>　　　v.<br>CONTRA COSTA COUNTY,<br>　　　　　Defendant. | Case No. 18-cv-05682-PJH<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 85 |

Before the court is defendant Contra Costa County's (the "County") motion for reconsideration of the court's March 3, 2021 order (the "March 3, 2020 order") granting in part and denying in part its motion for summary judgment. Dkt. 85. Having read the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the court **GRANTS** the County's motion for reconsideration.

## BACKGROUND

The parties are familiar with this action's facts and procedural posture. On February 4, 2021, the court held a hearing on the County's and defendant Richmond Police Department Detective Ann Shiraishi's ("Shiraishi") respective motions for summary judgment. Dkt. 78. At the hearing, the court orally granted Shiraishi's motion. Id. The court later issued its March 3, 2021 order addressing and deciding both motions. Dkt. 80. The court will detail that order as necessary below.

On March 8, 2021, the County filed the instant motion for reconsideration of the portion of the March 3, 2021 order denying the County's motion for summary judgment. Dkt. 85.

///

**DISCUSSION**

Under Civil Local Rule 7-9(b), a party may request that a court reconsider a prior order under one of the following conditions:

- When filing the motion for leave, a material difference in fact or law exists from that presented to the court prior to entry of the subject order. The party must also show that it did not know such fact or law at the time of the subject order.
- The emergence of new material facts or a change of law occurring after the subject order.
- A manifest failure by the court to consider material facts or dispositive legal arguments presented prior the subject order.  Civ. L.R. 7-9(b)(1)-(3).

The County brings its motion under the third condition.  Dkt. 85 at 2.  To support its motion, the County identifies two purported deficiencies in the March 3, 2021 order:

> [1] The Court's conclusion that the County was responsible for determining the time of plaintiff's arrest and had a practice of skewing arrest times for the purpose of holdings arrestees for 72 hours after arrest is not supported by the evidence submitted in the support of and in opposition to the County's motion.
> . . .
> [2] That conclusion is also contrary to the arguments made by plaintiff in opposition to the motion for summary judgment.  Id.

The court has further reviewed the evidence in the record.  The County is correct.

In its March 3, 2021 order, the court granted Shiraishi's motion for summary judgment of plaintiff's Title 42 U.S.C. § 1983 claim for interference with her Fourteenth Amendment right to familial relations with her minor son, S.W.  Dkt. 80 at 18-21.  The court also granted the County's motion for summary judgment of a similar § 1983 claim for interference against it, id. at 14-18, as well as a state law claim for false imprisonment, id. at 26-27.  However, the court denied the County's motion for summary judgment of plaintiff's § 1983 claim for unreasonable delay in processing her arrest, detention, arraignment, and release.  Id. at 22-26.  The court found that plaintiff raised a triable factual issue on whether the County maintains a practice of permitting its officers to inaccurately book a person's arrest time.  Id. at 22, 25, 30.

To reach that decision, the court made two critical findings. First, the court found a triable issue about whether plaintiff was arrested prior to or after 5:00 pm on July 14, 2017. Id. at 23. While the court did not expressly state it, the court implied that a County employee determined and logged plaintiff's purported 5:01 pm arrest time. Id. at 20.

Second, the court found a triable issue "on whether the County tacitly endorses skewed 5:01 pm-like booking practices." Id. To support the latter finding, the court considered two important pieces of evidence: (1) a declaration by a Contra Costa County Sheriff's Office clerk, Carla Williams ("Williams"), id. at 24-25 (citing Dkt. 62-10 at 3); and (2) a July 29, 2017 email by Richmond Police Department Sergeant Nathan Lonso ("Sergeant Lonso"), id. at 23 (citing Dkt. 73-1 at 71).

In her declaration, Williams states the following in relevant part:

> When inmates are booked into county jail, **a detention official records** the date and time of the arrest. Pursuant to CCCSO policy, the clerks in my department schedule the inmates for release within no later than 48 hours if they are not arraigned before then. Dkt. 62-10 ¶ 11 (emphasis added).

In his email, Sergeant Lonso states the following in response to a victim's rights advocate contacting him on plaintiff's behalf:

> The decision to not file any charges against your client is a question that needs to be answered by the District Attorney's Office. Your client remained in custody for 72 hours **because that is the standard procedure** for suspects booked on felony violations. Your client's child was released to CPS after your client retracted her request to a friend of hers. Dkt. 73-1 at 71-72 (emphasis added).

The court interpreted the bolded portion of Williams' statement to literally mean that **the County** is responsible for determining and logging a person's arrest time. Dkt. 80 at 20. The court relied on the bolded portion of Sergeant Lonso's email to find a triable factual question on whether **the County** maintains an informal practice of "tacitly permit[ting] its officers to record inaccurate arrest times in a way that results in prolonged detention for arrestees." Id. at 30.

In its motion for reconsideration, the County identifies three documents in the record that render inaccurate the court's literal interpretation of Williams' use of the verb

3

1    "records."  Dkt. 85 at 4-5, 7.  Those documents include (1) the booking authority form
2    (Dkt. 62-4), (2) the probable cause declaration (Dkt. 62-8), and (3) the County's detention
3    facilities' final release report (Dkt. 62-6).  The County explains that these documents
4    show that Shiraishi—***not*** the County—was responsible for determining and logging
5    plaintiff's 5:01 pm arrest time.  Dkt. 85 at 7.  The County further explains that, in the
6    ordinary course, it takes that information and, in effect, transcribes it into a database to
7    compute an arrestee's release deadline.  Dkt. 85 at 5, 7.
8         The court agrees with the County's construction of Williams' use of the verb
9    "records."  The booking authority form details "Richmond PD" as "arresting agency" and
10   "1701" as the "time" in connection with plaintiff's "arrest location."  Dkt. 62-4 at 2.  That
11   form is also signed by Shiraishi and an unspecified Richmond Police Department
12   "Booking Officer" named "Sanchez."  Id.  The probable cause declaration states that
13   plaintiff "was arrested 7/14/2017 17:01."  Dkt. 62-8 at 2.  Shiraishi also signed that
14   declaration.  Id.  The final release report details plaintiff's "book date" as "07/15/2017
15   9:30."  Dkt. 62-6 at 3.  That book date shows that the County could not have been
16   responsible for deciding plaintiff's arrest time because plaintiff was not transferred to its
17   detention facilities until at least 15 hours ***after*** plaintiff's arrest.  In light of its further
18   consideration of the above evidence, the court understands that it mistakenly attributed
19   the arrest time's determination to ***the County***, as opposed to the Richmond Police
20   Department or Shiraishi.
21        In its motion for reconsideration, the County explains that the court also mistakenly
22   attributed to the County the 72-hour detention practice referred to by Sergeant Lonso.
23   Dkt. 85 at 5-8.  On a closer review of the evidence, the court again agrees.  First, in his
24   email, Sergeant Lonso is silent on whether he speaks on behalf of the County or the
25   Richmond Police Department.  Dkt. 73-1 at 71.  In its signature block, the email states
26   "Sergeant Nathan Lonso . . . ***Richmond Police Department*** . . . Robbery/Homicide
27   Unit."  Id. (emphasis added).   Thus, the court may only infer that Lonso sought to speak
28   on behalf of that entity, ***not*** the County.

4

Second, the statements in Sergeant Lonso's email are hearsay. On that basis alone, the court need not consider them true. Moreover, to the extent Sergeant Lonso's statements could be construed as speaking to the County's detention practices, such statements are directly contradicted by Williams' statement that Sheriff's Office clerks schedule arrestees "for release no later than 48 hours [after arrest] if they are not arraigned before then." Dkt. 62-10 ¶ 11. Because Williams is a County employee, Dkt. 62-10 ¶¶ 1-2, and she made her statements under penalty of perjury, Dkt. 62-10 at 4, the court finds that her representations about the County's detention and release practices would, in any event, control. Given its closer review of the above evidence, the court also concludes that it unwarrantedly attributed the 72-hour holding period referred to by Sergeant Lonso to the County.

Plaintiff's opposition to the motion for reconsideration does not alter the court's conclusions. First, plaintiff fails to identify any evidence showing that the court correctly attributed her arrest time to the County, as opposed to Shiraishi or the Richmond Police Department. Indeed, in her opposition to Shiraishi's motion for summary judgment, plaintiff argues that Shiraishi was responsible for deciding such time. Dkt. 73 at 12.

Second, plaintiff fails to identify any evidence showing that the County had reason to believe that it could not rely on Richmond Police Department's stated arrest time.

Third, aside from the Sergeant Lonso email (which the court has already considered and rejected), plaintiff fails to identify any evidence showing that the County has a practice of inaccurately determining or logging a person's arrest time into its computer database for the purpose of prolonging such arrestee's detention.

Fourth, plaintiff fails to identify any authority showing that the County may be held liable for acts (or procedures) of non-County employees or entities. Absent the above evidence or authority, plaintiff cannot show a triable factual issue on her § 1983 claim for unreasonable delay against the County. Without that, the court must reverse course and grant the County's motion for summary judgment in its entirety.

One final point. The court recognizes that, contrary to the March 3, 2020 order's

suggestion, Dkt. 80 at 20, the evidence discussed above shows a factual issue whether Shiraishi determined and logged the 5:01 pm arrest time. However, this recognition does not change the March 3, 2020 order's ultimate decision that Shiraishi is entitled to summary judgment. Critically, whether Shiraishi, in fact, arrested plaintiff at 4:00 pm or 5:01 pm is immaterial to the constitutional harm underlying plaintiff's claim against Shiraishi—namely, plaintiff's separation from S.W. Because plaintiff was, in any event, under arrest when Shiraishi placed S.W. in CFS's custody the night of July 14, 2017, plaintiff's separation from S.W. would have occurred ***regardless*** of her arrest time. Thus, plaintiff's claim against Shiraishi still fails on causation grounds. Id.

For the above reasons, the court grants the County's motion for reconsideration. Accordingly, the court finds that the County is entitled to summary judgment on all claims against it. This reconsideration decision does not affect any other ultimate conclusion in the March 3, 2020 order. To account for the above evidentiary and analytical clarifications, the court will issue a revised order on the motions for summary judgment.[1]

Once the court issues that revised order, plaintiff's action will be fully and finally adjudicated. Given that, the parties no longer need to conduct a settlement conference before Magistrate Judge Westmore. The court will issue a clerk's notice notifying Judge Westmore that the parties' April 12, 2021 settlement conference may be vacated.

**IT IS SO ORDERED.**

Dated: March 24, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

---

[1] The court denies plaintiff's second administrative motion to seal, Dkt. 90, for the same reasons provided in the March 3, 2020 order. Dkt. 80 at 27-29. If plaintiff wishes to use the documents sought for sealing in an appeal, then plaintiff may follow the Ninth Circuit's procedures for submitting such information in support of its briefing.