UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANESHEA MONTANOCORDOBA,
Plaintiff,

v.

CONTRA COSTA COUNTY,
Defendant.

Case No. 18-cv-05682-PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR REVIEW OF CLERK'S TAXED COSTS**

Re: Dkt. Nos. 89, 108

Before the court are plaintiff's motions for review of the clerk's taxation of costs awarded to defendants Ann Shiraishi ("Shiraishi") and Contra Costa Costa County (the "County") (collectively, "defendants"). Dkt. 89 (motion to review costs taxed in favor of Shiraishi); Dkt. 108 (motion to review costs taxed in favor of County). Good cause appearing, the court **GRANTS IN PART** and **DENIES IN PART** plaintiff's motions for review.

On February 4, 2021, the court held hearings on defendants' respective motions for summary judgment. The court orally granted Shiraishi's motion at that hearing. Dkt. 78. On March 24, 2021, after reconsidering its March 3, 2021 order partially denying the County's motion for summary judgment, the court filed an amended order granting that motion in its entirety. Dkt. 95. The court entered judgment against plaintiff and in favor of defendants that same day. Dkt. 96.

On February 18, 2021, Shiraishi filed her bill of costs. Dkt. 79. In it, she sought $3,407.11 for expenses resulting from taking plaintiff's deposition. Id. That amount comprises $1,428.24 in expenses and interest for video services and $1,978.87 in expenses and interest for conventional deposition services. Dkt. 79-1 at 5-7. On April 6,

1  2021, the County filed its bill of costs. Dkt. 99. In it, the County sought $894.55 for
2  purchasing plaintiff's deposition transcript. Id.

3  Plaintiff timely objected to both bills of costs. Plaintiff challenged Shiraishi's bill on
4  two grounds. First, plaintiff identified the $1,428.24 related to the deposition's video
5  services as not "necessarily incurred" given that Shiraishi did not actually rely on such
6  recording in any filing. Dkt. 84 at 2. Second, plaintiff claimed that the remaining
7  $1,978.87 would impose a significant financial hardship. Id. at 3. Plaintiff objected to the
8  County's bill on the sole ground of financial hardship. Dkt. 102 at 2.

9  Plaintiff relies on the same declaration when attesting to the above-referenced
10 hardship. Dkt. 84-1 (signed March 4, 2021 at Chicago, Illinois); Dkt. 102-2 (same). In
11 her declaration, plaintiff explains that she is a single mother solely responsible for taking
12 care of her minor son. Dkt. 84-1 ¶ 3. She states that she works throughout the country
13 as an independent contractor providing clinical medical assistant services. Id. ¶ 2. She
14 further explains that she earns "just enough" to "pay for rent, food, utilities, and all other
15 basic financial obligation" for herself and her son. Id. ¶ 4. She states that, in her capacity
16 as an independent contractor, she has "no guarantee of continued employment after the
17 expiration of [her] current assignment" and that she is "not sure how long [she] will be
18 unemployed between the end of [her] current assignment and the next one (if any)." Id.
19 Under those employment circumstances, plaintiff says, she uses her savings to cover her
20 financial obligations between assignments. Id. Plaintiff states that she cannot afford to
21 pay "even half" of the $3,4707.11 requested by Shiraishi in her bill of costs. Id. ¶ 5.

22 On March 8, 2021, the clerk issued a bill awarding Shiraishi $1,345.85 in costs.
23 Dkt. 86. The clerk rejected Shiraishi's request with respect to the remaining $2,061.26.
24 Id. The clerk noted that that amount fell outside Local Rule 54-3(c)(1)-(2)'s standard for
25 taxing deposition-related costs. Id. On April 22, 2021, the clerk issued a bill awarding
26 the County its full $894.55 in costs. Dkt. 104.

27 In her motions for review, plaintiff challenges the full amount taxed by the clerk
28 with respect to both defendants' bill of costs. Dkt. 89 at 3-4 (challenging remaining

2

1  $1,345.85); Dkt. 108 at 3 (challenging all $894.55).  In both motions, plaintiff challenges the subject amounts on grounds of financial hardship.  Dkt. 89 at 2-3; Dkt. 108 at 2-3.  Plaintiff did not file any additional declarations when claiming such purported hardship.  Lastly, in a footnote, plaintiff asserts that, to the extent the court permits the County to recover the $894.55, then the court should similarly limit Shiraishi's claimed deposition transcript related expenses to that same amount.  Id. at 4 n.3.

With respect to the footote, the court agrees with plaintiff.  In her bill of costs, Shiraishi justifies her requests under only Local Rule 54-3(c)(1) and Title 28 U.S.C. § 1920(2).  Dkt. 79-1 at 4.  Both authorities pertain to costs incurred for obtaining deposition transcripts.  Civ. L.R. 54-3(c)(1) ("The cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable"); 28 U.S.C. § 1920(2) ("Fees for printed or electronically recorded transcripts necessarily obtained for use in the case").

The court does not see any rationale for plaintiff's deposition transcript to cost more when Shiraishi ordered it compared to when the County ordered it.  Shiraishi failed to file any response explaining that apparent discrepancy in the amount that she incurred to obtain the subject transcript.  Given that, the court will reduce the total amount taxed in favor of Shiraishi to $894.55.

On top of that reduction, the court will reduce the awards to both defendants by 10 percent.  Plaintiff only generally states the harm that she would suffer from paying any costs.  Notably, she omits any specific representation about her annual income or present savings.  Absent that, the court cannot conclude that any further reduction of the amounts taxed would be justified under the circumstances.  Accordingly, the court respectively awards Shiraishi and the County $805.10 each for their costs.

**IT IS SO ORDERED.**

Dated: May 25, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

3